**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Offerpad Incorporated, et al., | No. CV-20-00668-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Alfredo Saenz, et al., | |
| Defendants. | |

Defense counsel's conduct during this case has been unacceptable. Moreover, during a show-cause hearing on the issue of sanctions, defense counsel made verifiably false statements while attempting to defend her conduct. The Court thus concludes that a sanction is appropriate—specifically, a six-month suspension of defense counsel's ability to practice law in the United States District Court for the District of Arizona. This order also resolves Plaintiffs' unopposed motions for attorneys' fees and voluntary dismissal.

## BACKGROUND

Defendants have been represented since the outset of this case by Brittany Burback of Sublime Law, PLLC ("defense counsel"). (Doc. 15.) Plaintiffs' overarching claim, as summarized in the Rule 26(f) report, is that "Defendants have copied from Plaintiffs' website, using marks and web domains confusingly similar to Plaintiffs' trademarks in furtherance of Defendants' directly competing business." (Doc. 26 at 3.)

In June 2021, the parties informed the Court they had reached a settlement. (Doc. 44.) The notice explained that "[o]nce the terms of the Settlement Agreements have been

satisfied, the Parties will file a Stipulation to Dismiss this matter." (*Id.*) Upon receipt of this filing, the Court issued an order explaining that the case would be dismissed without further notice on August 10, 2021 absent further action by the parties. (Doc. 45.)

On August 10, 2021 (the dismissal deadline), Plaintiffs filed a request for a 30-day extension because Defendants had not yet satisfied all of the terms of the settlement agreement. (Doc. 46 at 2.) This request was granted. (Doc. 47.)

On September 7, 2021 (just before the extended dismissal deadline), Plaintiffs filed a request for a telephonic status conference and a further extension of the deadline. (Doc. 48.) In this filing, Plaintiffs' counsel explained that Defendants had "yet to complete all of the terms of their respective Settlement Agreements" and that she had "reached out to [defense counsel] on multiple occasions in an effort to resolve these outstanding issues, but to no avail." (*Id.* at 2.) The filing identified five separate incidents, occurring over a period of months, in which defense counsel failed to respond to emails and phone calls:

> Specifically, [Plaintiffs'] counsel . . . contacted [defense counsel] by email on or about June 14, 2021, July 7, 2021, and August 10, 2021 and by phone on or about June 17, 2021 and August 10, 2021. [Defense counsel] failed to respond to any of this communication.

(*Id.*)

The Court scheduled a telephonic status conference for September 13, 2021 to address these issues. (Docs. 49, 50.) However, defense counsel did not call in for the hearing on time, forcing the Court's staff to scramble to locate her and remind her to appear. During the resulting hearing, the Court "made it clear to Defendants' counsel that her conduct during this litigation—including failing to reply to communications from opposing counsel and failing to appear on time for a hearing in federal court—was 'unacceptable' and fell short of the standard of 'basic professionalism.'" (Doc. 52.) Nevertheless, rather than take any action at that time, the Court gave Defendants another two weeks to satisfy the outstanding terms of the settlement agreement and simply "direct[ed] counsel to file a joint statement no later than 5:00 p.m., September 27, 2021, advising the Court whether the parties have fully complied with the settlement agreement." (Doc. 50.)

On September 27, 2021, Plaintiffs' counsel filed a one-sided (*i.e.,* not joint)

memorandum, which explained that Plaintiffs' counsel sent a follow-up email to defense counsel on September 14, 2021; that defense counsel ignored this email and never responded; that Plaintiff's counsel sent a second email to defense counsel on September 22, 2021; that defense counsel responded to this email by briefly stating that she was "working with [her] clients to address the outstanding items" but didn't send a substantive follow-up response afterward; that Plaintiff's counsel sent a third email to defense counsel on September 27, 2021, but again received only an incomplete response; and that Plaintiffs' counsel sent a draft of the joint memorandum to defense counsel "for review and/or permission to sign" but defense counsel once again didn't respond. (Doc. 51 at 2-3.)

In response to these developments, the Court scheduled a hearing for October 12, 2021—at which defense counsel and her clients were required to appear in person—and specifically advised defense counsel to "be prepared to justify her failure to timely respond to opposing counsel's inquiries related to the most recent joint memorandum, particularly in light of her previous failures to respond to inquiries from opposing counsel (which failures were addressed at length during the September 13, 2021 hearing), and to show cause why sanctions (including, potentially, revocation of admission to practice in the District of Arizona) should not be imposed." (Doc. 52 at 2.)

During the hearing on October 12, 2021, the Court asked defense counsel whether she agreed with Plaintiffs' counsel's summary of their communications (or lack thereof) during the two-week period following the September 13, 2021 status conference. In response, defense counsel disputed the accuracy of Plaintiffs' counsel summary, claimed that she *had* responded to the September 14, 2021 email "that same day, on the 14th," and asserted that she didn't bring a copy of that email with her to the hearing. Following the adage of "trust but verify," the Court ordered defense counsel to file a copy of the responsive email by that afternoon and stated that it would review defense counsel's filing before "decid[ing] whether sanctions, including revocation to the admission of practice in the District of Arizona, should be imposed based on the Defense counsel's course of

conduct." (Doc. 54.)[1]

That afternoon, defense counsel filed a copy of her email correspondence with Plaintiffs' counsel. (Doc. 53.) The correspondence is exactly how Plaintiffs' counsel described it in the September 27, 2021 memorandum—it reveals that defense counsel ignored the email sent by Plaintiffs' counsel on September 14, 2021. (*Id.* at 10.) In her cover memorandum, defense counsel tacitly acknowledged this point, stating that she "was out of the office from September 10, 2021 until September 20, 2021" and "responded once [she] was back in the office." (*Id.* at 1.) Nowhere did defense counsel explain why she made false statements when asked about this issue during the hearing or apologize for making those false statements.

Following the October 12, 2021 hearing, Plaintiffs filed a pair of motions: (1) a motion for attorneys' fees and double damages, to be assessed jointly and severally against Defendants and defense counsel (Doc. 59); and (2) a motion to voluntarily dismiss their claims without prejudice (Doc. 63). Defendants (and defense counsel) did not bother to respond to either motion, and the time to respond has now expired.

**DISCUSSION**

"Any attorney admitted or otherwise authorized to practice before this Court may be disbarred, disciplined, or have the order of appointment revoked after such hearing as the Court may in each particular instance direct." LRCiv 83.2(a). Additionally, "[a]fter notice and a reasonable opportunity to be heard, the Court upon its own initiative may impose appropriate sanctions upon [an] attorney . . . who without just cause . . . violates, or fails to conform to . . . any order of the Court." LRCiv 83.1(f)(1)(A). The Court has

---

[1] The Court emphasized that even if defense counsel did respond to the September 14, 2021 email, her general lack of responsiveness was culpable, as she had been chastised during the September 13, 2021 hearing for not responding to inquiries from opposing counsel, and then during the two-week period that followed, she didn't respond to or, at most, barely responded to inquiries from opposing counsel. And then, knowing there was a court-ordered deadline to file a joint memorandum, she failed to participate in drafting it or signing off on it. Defense counsel responded that she was on vacation during that two-week period and didn't remember that there was a hearing, and that on the day the memorandum was due, she did not have time to respond to the memorandum drafted by Plaintiffs' counsel because she was picking up her kids from school. In response to the Court's assertion that it was "just mind-blowing" that she did not at least file her own statement, defense counsel replied, "I don't know what to tell you."

wide discretion in choosing an appropriate sanction for such a violation. LRCiv 83.1(f)(2) ("The Court may make such orders as are just under the circumstances . . . .").

The Arizona Rules of Professional Conduct, which "apply to attorneys admitted or otherwise authorized to practice before the United States District Court for the District of Arizona," LRCiv 83.2(e), prohibit a lawyer from knowingly making a false statement of fact to a tribunal, ER 3.3(a)(1), and require a lawyer to "make reasonable efforts to expedite litigation consistent with the interests of the client," ER 3.2. Defense counsel's litigation conduct in this case has violated both of these tenets. Although she is not responsible for her clients' conduct and can't control whether they comply with the terms of their settlement agreement with Plaintiffs, it is fair to expect her to comply with such basic obligations as responding to emails and calls from opposing counsel, showing up on time for court hearings, complying with court-imposed filing deadlines, providing accurate information in response to questioning by the Court, and being forthright and honest when confronted with evidence of her past inaccurate statements. During the show-cause hearing, not only did defense counsel fail to "justify her failure to timely respond to opposing counsel's inquiries related to the most recent joint memorandum, particularly in light of her previous failures to respond to inquiries from opposing counsel (which failures were addressed at length during the September 13, 2021 hearing), and to show cause why sanctions (including, potentially, revocation of admission to practice in the District of Arizona) should not be imposed" (Doc. 52 at 2), she exacerbated the situation by making a false statement.

Defense counsel was specifically advised that her conduct—which, as noted, includes both violations of ethical rules and violations of court orders—could result in the revocation of her ability to practice in the District of Arizona and was provided ample opportunity to show cause why the contemplated sanction should not be imposed. Thus, she has been provided with all of the process that is due to her. *In re Lehtinen*, 564 F.3d 1052, 1060 (9th Cir. 2009) ("[W]hen using the inherent sanction power, due process is accorded as long as the sanctionee is provided with sufficient, advance notice of exactly

which conduct was alleged to be sanctionable, and [was] furthermore aware that [she] stood accused of having acted in bad faith.") (internal quotation marks omitted). The Court concludes, in its discretion, that a six-month suspension is appropriate here. *See* LRCiv 83.2(a) (identifying suspension as permissible sanction); *In re Oladiran*, 2010 WL 3775074, *9-10 (D. Ariz. 2010) ("The ABA Standards for Imposing Lawyer Sanctions discuss the discipline appropriate for abuse of the legal process, which includes failure to . . . obey court orders and rules. . . . Suspension is appropriate when a lawyer knows that he is violating a court order or rule and causes interference with a legal proceeding. . . . Suspension generally may extend for a period of years but should not be less than six months. The Court concludes that a relatively brief suspension of six months will be sufficient, but not longer than necessary, to accomplish the deterrent purposes of attorney discipline.") (citations omitted).

Finally, also pending before the Court are the pair of motions that Plaintiffs filed after the October 12, 2021 hearing: (1) Plaintiffs' motion under A.R.S. § 12-349 for attorneys' fees and double damages, to be assessed jointly and severally against Defendants and defense counsel (Doc. 59); and (2) Plaintiffs' motion to voluntarily dismiss their claims without prejudice (Doc. 63). More than 14 days have elapsed since these motions were filed and no response has been filed.

Under LRCiv 7.2(i), a party's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." Although it is tempting, especially in light of defense counsel's litigation conduct in this case, to summarily grant the motion for attorneys' fees and double damages, the Court declines to do so. This is because the motion is facially deficient—the statute on which Plaintiffs' request is based, A.R.S. § 12-349, is inapplicable in federal court. *See, e.g., In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838-39 (9th Cir. 2001) (reversing fee award imposed under § 12-349, "question[ing] . . . the propriety of using an Arizona sanction statute in federal court," and concluding that "when fees are based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of

substantive law, the matter is procedural [under *Erie*]. . . . In other words, the federal courts must be in control of their own proceedings and of the parties before them, and it is almost apodictic that federal sanction law is the body of law to be considered in that regard."); *Pacesetter Consulting LLC v. Kaprelian*, 2021 WL 4820485, *4 (D. Ariz. 2021) ("[T]he Ninth Circuit has held that § 12-349 cannot serve as the basis for an award of sanctions by a federal court for litigation conduct occurring in federal court."); *R. Prasad Industries v. Flat Irons Env. Solutions Corp.*, 2014 WL 4722487, *12 (D. Ariz. 2014) ("The Court finds the Ninth Circuit's analysis of the issue in *In re Larry's Apartment* both persuasive and binding on this District Court. Therefore, the Court finds that A.R.S. § 12-349 is inapplicable here."); *Stilwell v. City of Williams*, 2014 WL 1654530 (D. Ariz. 2014) (same).

In contrast, Plaintiffs' motion to voluntarily dismiss their claims without prejudice is summarily granted.

Accordingly,

**IT IS ORDERED** that:

(1) Brittany Burback is **suspended** from the practice of law in the District of Arizona for a period of six months. Defense counsel is further advised of her notification obligations under LRCiv 83.2(d).

(2) Plaintiffs' motion for sanctions (Doc. 59) is **denied**.

(3) Plaintiffs' motion to dismiss this action without prejudice (Doc. 63) is **granted**. The Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 1st day of December, 2021.

Dominic W. Lanza
United States District Judge

cc: Beth Stephenson